UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ERIC QUINN FRANKLIN,

        Petitioner,

v.

UNITED STATES OF AMERICA,

        Respondent.

CASE NO. C20-5528BHS

ORDER DENYING MOTION TO AMEND JUDGMENT

THIS MATTER is before the Court on Petitioner Eric Franklin's "Motion to Amend Pursuant to Fed. R. Civ. P. 59," Dkt. 20.[1] The Motion asks the Court to amend or alter the judgment it entered after it denied Franklin's 28 U.S.C. § 2255 Motion to Vacate, Set Aside, or Correct his sentence, Dkt. 1. The Court denied Franklin's initial habeas petition on February 26, 2021. Dkt. 18.

---

[1] Franklin's revised/amended Motion to Amend, Dkt. 23, is substantially similar to his initial motion, Dkt. 20, and appears to be an effort to correct the "filing deficiency" the Clerk's office noted with respect his initial motion. *See* Dkt. 21. The Court will consider both documents as one Rule 59(e) motion.

ORDER - 1

Franklin filed his Rule 59 Motion to Amend Petition[2] 28 days later. It is therefore timely under Rule 59(b), and the Court will construe it as Rule 59(e) Motion for Reconsideration of the Court's underlying Order, Dkt. 18, denying his § 2255 petition, Dkt. 1. *See Banister v. Davis*, ___ U.S. ___, 140 S.Ct. 1698, 1708 (2020) (Rule 59(e) motions seeking reconsideration of the underlying decision are permitted in habeas proceedings and are not a second or successive habeas petition, unlike later Rule 60 motions raising new issues).

This case's factual and procedural history, and that of the underlying criminal case,[3] Cause No. CR11-5335 BHS, are set out in the Court's prior Order, Dkt. 18, and need not be repeated here. Franklin's motion largely raises the same issues and arguments made in his initial petition. He generally claims that he received ineffective assistance of counsel because his attorneys failed to properly challenge the affidavit supporting the search warrant that led to his arrest and prosecution under *Franks v. Delaware*, 438 U.S. 154, 156 (1978) (defendants' showing of knowingly or recklessly made false statement

---

[2] The Government (as did the Court, initially) reads Franklin's motion as asking the Court to permit him to amend his underlying petition, not for the Court to amend or alter its judgment under Rule 59(e). Dkt. 24 at 1–2. If and to the extent Franklin does seek to amend his already-denied petition, his motion is **DENIED**.

[3] Franklin successfully appealed his sentence, arguing that the Court did not provide him sufficient *Faretta* warnings about the risks of representing himself at sentencing after the Court denied his effort to replace his fourth appointed counsel with a fifth. *United States v. Franklin*, 650 Fed. Appx. 391, 393–94 (9th Cir. 2016). Franklin later successfully appealed the Court's imposition of a mandatory minimum sentence under the Armed Career Criminal Act ("ACCA"). *See United States v. Franklin*, 904 F.3d 793 (9th Cir. 2018).

upon which probable cause is based entitles defendant to evidentiary hearing). Dkts. 1, 20, 23.

Franklin now asserts that the Court's Order denying his § 2255 petition wrongly decided those claims against him. Most of his arguments were addressed in the Court's initial Order, Dkt. 18, but he raises two issues that warrant further discussion. They are addressed in turn.

The Court's Order rejected Franklin's claim that Officer Conlon's affidavit in support of the search warrant was deliberately false or made with reckless disregard for the truth, because he could not truthfully claim that he personally observed the confidential informant's movements between the meeting place and Apartment 17. Dkt. 18 at 11. It cited and relied on *United States v. Bertrand*, 926 F.2d 838, 844 (9th Cir. 1991), for the proposition that probable cause may be supported by the "collective knowledge" of the officers involved in the case. *See also United States v. Hoyos*, 892 F.2d 1387, 1392 (9th Cir. 1989).

Franklin argues that the rule permitting police officers' collective knowledge to support probable cause for an arrest in the field does not apply when the officers are swearing to facts in support of a search warrant. Dkt. 20 at 2 (citing *United States v. Davis*, 714 F.2d 896, 900 (9th Cir. 1983)). In *Davis*, the officer swore that he had personal knowledge of the facts in his affidavit, including that he had spoken to the confidential informant, when he later conceded he had not. *Id*. at 898–99. The Ninth Circuit emphasized that the officer "could have" validly relied on facts learned from his colleagues, had he so stated in a truthful affidavit. *Id*. at 899. *Davis* explained:

> The fact that we deal here with false statements made in a warrant affidavit is sufficient to distinguish those cases in which the knowledge of one officer is imputed to another for the purpose of determining probable cause. Officers operating in the field are entitled to rely on the information and judgment of fellow officers with whom they are working in close concert. [] The situation is very different when an application is made for a warrant. Unlike officers in the field, a magistrate is not entitled to rely on the judgment of law enforcement officials. He or she is expected to review the material submitted and make a detached, independent judgment as to the existence of probable cause.

*Id.* at 900 (internal citations omitted). Because the officer in *Davis* failed to indicate that he was relying on the knowledge of officers who had spoken to the CI, and thus had admittedly submitted a false affidavit, the Court invalidated the warrant. *Id*.

*Davis* did not hold that an affiant officer cannot truthfully describe her reliance on knowledge or information obtained from her fellow officers—it specifically acknowledged that she could—but instead held that the officer cannot claim personal, "first person singular" knowledge of facts that she did not actually experience. *Id*. at 898. *Davis* is therefore not support for Franklin's claim that Officer Conlon's affidavit was similarly falsified. Conlon accurately described that he and Officer Martin together "kept the CI under constant surveillance." Unlike the *Davis* officer, Conlon used the word "we" throughout his affidavit. *See* Dkt. 13-4. This accurately describes the actions of the team, and even if it were construed to be false, it would be "[a] misstatement that 'is merely the result of simply negligence or inadvertence, as opposed to reckless disregard for the truth, [which] will not render invalid the warrant that is based on it.'" *United States v. Sitton*, 968 F.2d 947, 955–56 (9th Cir. 1992) (quoting *Davis*, 714 F.3d at 899 n.5), *abrogated on other grounds by Koon v. United States*, 518 U.S. 81, 96–100 (1996).

1    Furthermore, as the Government emphasizes, the Ninth Circuit has already

2 determined that the search warrant was supported by probable cause:

> Nor did the Court err in ruling that probable cause supported the search warrant. . . . The complaint was also supported by personal knowledge. It listed the officers and confidential informants involved in the investigation and their various roles in the three controlled buys. The motion to suppress was therefore properly denied.

6 *United States v. Franklin*, 650 F. App'x 391, 393 (9th Cir. 2016). A § 2255 petition

7 cannot be used to re-litigate issues that were decided adversely on appeal. Dkt. 24 at 2

8 (citing *Odom v. United States*, 455 F.2d 159, 160 (9th Cir. 1972)). The Government also

9 argues that Court already determined that Franklin procedurally defaulted on this claim,

10 *see* Dkt 18 at 8, and that his new motion does not establish the "actual prejudice"

11 required to overcome that default. As the Court explained in its prior Order, *id.* at 5, on a

12 collateral attack, Franklin is required to demonstrate that his attorney's performance was

13 deficient and that his failure prejudiced the defense; in other words, that there is a

14 reasonable probability that the verdict would have been different absent the excludable

15 evidence. *Id.* at 6 (citing *Kimmelman v. Morrison*, 477 U.S. 365, 375 (1986)).

16    As described in the Court's prior Order, Dkt. 18, and in the Government's

17 Response, Dkt. 24, Franklin has not made such a showing. His Motion for

18 Reconsideration on this basis is **DENIED**.

19    Second, Franklin makes the conclusory claim that the CI had not in fact completed

20 17 prior controlled buys, which Conlon claimed was evidence of the CI's reliability. Dkt.

21 23 at 3–4.  Franklin asserts that, based on his review of the record, the number was

22 something less, perhaps a total of six. *Id.*

1   The Government argues persuasively that, while Franklin disputes the specific
2   number of prior controlled buys, he does not demonstrate that there were no buys or that
3   the outcome of the warrant application would have been different if the correct number
4   was used. He does not demonstrate that CI was not reliable, even if the number was
5   something less than 17 but more than a few. The Government argues that *two* prior
6   successful controlled buys are sufficient indicia of the CI's reliability. Dkt. 24 at 4.

7   The Court agrees. For this reason, and for the reasons articulated in the Court's
8   prior Order and in the Government's Response, Dkt. 24, Franklin's Motion for
9   Reconsideration of the Court's prior Order denying his § 2255 petition on this basis is
10  **DENIED**.

11  Petitioner Franklin's Rule 59(e) Motion to Amend the Judgment, Dkts. 20 and 23,
12  is **DENIED**.

13  **IT IS SO ORDERED.**

14  Dated this 3rd day of August, 2021.

BENJAMIN H. SETTLE
United States District Judge