```
 1
 2
 3
 4
 5                       UNITED STATES DISTRICT COURT
                        WESTERN DISTRICT OF WASHINGTON
 6                                 AT TACOMA
 7
     ERIC QUINN FRANKLIN,                    CASE NO. C20-5528 BHS
 8
                         Petitioner,         ORDER
 9         v.

10   UNITED STATES OF AMERICA,

11                       Respondent.

12
```

13        THIS MATTER is before the Court on Petitioner Eric Franklin's Federal Rule of

14 Civil Procedure 60(b) Motion for Relief on his ineffective assistance of counsel claim,

15 Dkt. 31, and on the Government's responsive Motion to Dismiss for Lack of Jurisdiction,

16 Dkt. 33.

17        Franklin filed a 28 U.S.C. § 2255 motion in June 2020. Dkt. 1. By that time, he

18 had served his sentence and was on supervised release. Dkt. 13. Franklin primarily

19 asserted that he received ineffective assistance of counsel. This Court denied Franklin's

20 § 2255 motion and declined to issue a certificate of appealability, Dkt. 18, and entered a

21 judgment, Dkt. 19. Franklin sought to amend his § 2255 motion, Dkts. 20 and 23, and the

22

Court construed his motions as seeking reconsideration under Rule 59. It denied the motions, Dkt. 26, and Franklin appealed, Dkt. 27.

The Ninth Circuit declined to issue Franklin a certificate of appealability, determining that jurists of reason would not find it debatable whether he stated a valid claim. Dkt. 29. It also denied Franklin's motion for reconsideration. Dkt. 30. The case was closed.

Franklin now asks the Court to undo its prior order, reiterating the ineffective assistance claims he asserted in his initial petition, and asserting that this Court erred in failing to hold an evidentiary hearing. Dkt. 31 at 5. The Government correctly responds that Franklin's motion is procedurally improper; though "disguised" as a Rule 60 motion, is in effect a second or successive habeas petition, filed without authorization from the Ninth Circuit. It correctly argues that this Court is without jurisdiction: "If the filing presents a substantive 'claim' challenging the defendant's conviction—e.g., a new claim for relief or an effort to relitigate the 'previous resolution of a claim *on the merits*' in the initial §2255 motion—then the filing is a successive §2255 motion no matter how the defendant has labeled it." Dkt. 33 at 4 (citing *Gonzalez v. Crosby*, 545 U.S. 524, 530–32 (2005)).

Franklin's Rule 60(b) motion raises claims attacking his sentence on the merits; he asserts that his counsel was ineffective and that this Court erred in failing to hold an evidentiary hearing. This is a second or successive § 2255 motion, and the Court does not have jurisdiction over it. The motion is **DENIED**, the second or successive motion is

1    **DISMISSED**, and the Court will not issue a certificate of appealability. The case remains

2    closed.

3        IT IS SO ORDERED.

4        Dated this 13th day of June, 2023.

BENJAMIN H. SETTLE  
United States District Judge